IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD DUBOIS,                  )
                                )
            Plaintiff,     )    Civil No. 05-1765-JE
                                )
           v.              )    OPINION AND ORDER
                                )
ALL AMERICAN TRANSPORT, INC.,  )
DAVID J. ABTS, and ELITE      )
FREIGHT SOLUTIONS, LLC,       )
                                )
            Defendants.    )
_____)

Robert M. Snee
240 Willamette Block
722 S.W. 2nd Avenue
Portland, OR 97204
     Attorney for Plaintiff

David H. Williams
Peter S. Willcox-Jones

Cosgrave Vergeer Kester LLP
    805 S.W. Broadway, 8th Floor
    Portland, OR 97205
        Attorney for Defendant

JELDERKS, Magistrate Judge:

1 - OPINION AND ORDER

Plaintiff Lloyd DuBois brings this action alleging breach of promissory notes, breach of a guaranty, and fraudulent transfer against defendants All American Transport, Inc. (AAT), David J. Abts, and Elite Freight Solutions, LLC (Elite). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. The motion to dismiss is granted as to defendant Elite, and is denied as to defendants AAT and Abts.

## PROCEDURAL BACKGROUND

Plaintiff filed this action in the Multnomah County Circuit Court on October 12, 2005.

On November 22, 2005, defendants removed the action to this court pursuant to 28 U.S.C. § 1441 because plaintiff and defendants are citizens of different states.

On November 29, 2005, defendants filed an answer asserting, among other affirmative defenses, that this court lacks personal jurisdiction over them, and that venue is not proper in this district.

On March 28, 2006, defendants filed the pending motion to dismiss for lack of jurisdiction and for improper venue. The motion is brought pursuant to Fed. R. Civ. P. 12(b)(2) and (3).[1]

---

[1]Rule 12 requires that motions to dismiss for lack of personal jurisdiction or for improper venue be made "before pleading if a further pleading is permitted." Because the motion to dismiss was filed after the answer was filed, it would ordinarily be construed as a motion for judgment as a matter of

2 - OPINION AND ORDER

_____**FACTUAL BACKGROUND**

Based upon plaintiff's complaint and the declarations and documents filed in support of and opposition to the pending motion, the relevant facts are as follows.

Defendant AAT, a now defunct freight business, was incorporated in Wisconsin and had its principal place of business in that state.  Defendant Abts, a Wisconsin resident, was an owner and president of AAT.  He is now the president of defendant Elite Freight Solutions, LLC.

Defendant AAT had no offices, employees, agents, or subsidiaries in Oregon, and never solicited business in this state.  Though it had one customer in Oregon, which accounted for less than 1% of its annual revenues, AAT performed no services in Oregon for that customer.

In 1999, defendant Abts contacted plaintiff DuBois to determine whether he would be interested in investing in AAT. The two agreed to meet in Chicago, and later met there to

_____

law under Rule 12(c).  See, e.g., Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (motion to dismiss for failure to state a claim filed after answer filed is properly construed as motion for judgment on the pleadings).  Because the parties have presented materials outside the complaint and answer, which I have not excluded in evaluating whether this court may assert personal jurisdiction over defendants, the motion for judgment on the pleadings would ordinarily, in turn, be construed as a motion for summary judgment.  See Fed. R. Civ. P. 12(c).  However, because they have not yet taken the more extensive discovery that normally precedes a motion for summary judgment, the parties have asked the court to analyze the pending motion as a motion to dismiss, and not convert it to a motion for summary judgment. Because there appears to be no prejudice in doing so, I will evaluate the pending motion as a motion to dismiss.

3 - OPINION AND ORDER

discuss defendant AAT's financial condition.  During their meeting, plaintiff Debois expressed an interest in investing in AAT, and he and defendant Dubois agreed to discuss this further by telephone.

Plaintiff ultimately loaned money to defendant AAT in exchange for promissory notes which defendant AAT executed in Wisconsin.  As president of AAT, defendant Abts signed promissory notes in the amount of $100,000 and $200,000 on July 1, 2000.  He signed a third promissory note, which was in the amount of $50,000, on February 1, 2001.

On December 17, 1999, before the promissory notes were executed, defendant Abts also signed an "over-advance note," which specified that AAT would make payments to plaintiff at an Oregon address.  A Security Agreement signed by plaintiff and defendant Abts also provided that any communications or notices relevant to the Security Agreement would be sent to plaintiff in Oregon.[2]

On December 17, 1999, defendant Abts also signed a personal guarantee unconditionally promising to pay "all loans, drafts, overdrafts, checks, notes and all other debts, obligations, and liabilities of every kind and description,

---

[2]Even if this document did not specify that the payments would be sent to plaintiff's Oregon address, in the absence of the parties' specific agreement that payments would be made elsewhere, I would assume that the parties intended the payments to be sent to plaintiff in this state.  See Oregon ex. rel. Industrial Supply Co. v. Goldstein, 221 Or. 309, 312-13, 351 P.2d 39 (1960) (debts payable at creditors' residence or place of business).

4 - OPINION AND ORDER

arising out of" plaintiff's loans to defendant AAT.  The
guaranty stated that it was made to induce plaintiff Dubois to
make the loans, and provided that it was to be governed by
Wisconsin law.  It appears that plaintiff had loaned defendant
AAT $90,000 before defendant Abts signed the guarantee, and
loaned AAT an additional $280,000 after the guarantee was
signed.

Defendant AAT has defaulted on the notes, and defendant
Abts has made no payments pursuant to the guarantee.


## CLAIMS

Plaintiff brings five claims for relief.  The first three
claims allege breaches of promissory notes by defendant AAT
only.  The first claim alleges that defendant AAT failed to
make monthly payments due on a promissory note in the amount
of $200,000, and that plaintiff has declared the principal sum
and interest due and payable.

The second claim alleges that defendant AAT has failed to
make payments required on a promissory note in the amount of
$100,000, and that plaintiff has declared the principal sum
and interest due and payable.

The third claim alleges that defendant AAT is in default
on a third note, and that plaintiff has declared the entire
unpaid balance of $50,000 on the note due and payable.

The fourth claim alleges that defendant Abts "executed
and delivered to plaintiff in Oregon a personal guaranty

absolutely and unconditionally guaranteeing any and all indebtedness of defendant AAT to plaintiff."

The fifth claim alleges, upon information and belief, that defendant Abts "is the president and majority or sole shareholder of defendant AAT, and is now the sole member of defendant Elite Freight."  This claim further alleges that Elite "is a mere continuation and successor of defendant AAT and should be held liable [for] defendant AAT's debts to plaintiff as the successor of defendant AAT.

### DISCUSSION

I. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

A. Standards for Determining whether the court has personal jurisdiction over nonconsenting defendants

A plaintiff bears the burden of establishing jurisdiction.  Forsythe v. Overmyer, 576 F.2d 779, 781 (9th Cir.), cert. denied, 439 U.S. 864 (1978).  Where, as here, the court considers a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff is required only to make a *prima facie* showing of jurisdictional facts in order to withstand the motion.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

In determining whether it may exert jurisdiction over a nonconsenting out-of-state defendant, a federal court must consider whether the forum state's long-arm statute permits it

6 - OPINION AND ORDER

to assert jurisdiction and whether the assertion of
jurisdiction violates the defendant's federal constitutional
due process rights.  <u>See</u> <u>Fireman's Fund Ins. Co. v. National</u>
<u>Bank of Cooperatives</u>, 103 F.3d 888, 893 (9th Cir. 1996).

Under Or. R. Civ. P. 4 L, Oregon courts may assert
jurisdiction to the limits allowed by the Oregon and United
States Constitutions.  Under Or. R. Civ. P. 4 E(3), an Oregon
court may assert jurisdiction over a party in any action that

> arises out of a promise, made anywhere to the
> plaintiff or to some third party for the plaintiff's
> benefit, by the defendant to deliver or receive
> within this state or to send from this state goods,
> documents of title or other things of value[.]

The questions here are therefore whether this action arises
out of a promise to deliver "things of value" to plaintiff in
this state, and whether the assertion of jurisdiction over
defendants comports with federal due process requirements.
<u>See</u> <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d
1325, 1327 (9th Cir. 1985).

The due process clause of the United States Constitution
protects persons from being subject to the binding judgments
of forums with which they have established no meaningful
contacts, ties, or relations.  <u>Burger King Corp. v. Rudzewicz</u>,
471 U.S. 462, 471-72 (1985) (citing <u>International Shoe Co. v.</u>
<u>Washington</u>, 326 U.S. 310, 319 (1945)).  Jurisdiction is proper
only where a defendant's conduct and connection with the forum
state are such that the defendant should reasonably anticipate

being brought into court in the forum state.  World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either "general" or
"specific."  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.
1990).  General jurisdiction exists where a nonresident
defendant's contacts with the forum state are substantial or
continuous and systematic.  Id.  Specific personal
jurisdiction, which may exist in the absence of such
substantial contacts, requires analysis of the nature and
quality of a defendant's contacts with the forum state in
relation to the cause of action asserted.  See id.  A court
may exercise "specific" jurisdiction over a non-consenting
nonresident defendant only where the defendant has done some
act by which he purposefully avails himself of the privilege
of conducting activities in the forum, the claim arises out of
or results from defendant's forum-related activities, and the
exercise of jurisdiction is reasonable.  Ballard, 65 F.3d at
1498.

In analyzing whether the assertion of jurisdiction is
reasonable, courts in this circuit consider: (1) the extent of
a defendant's purposeful interjection into the forum; (2) the
burden defending the action in the chosen forum would impose
upon a defendant; (3) the extent of any conflict with the
sovereignty of the defendant's state; (4) the forum state's
interest in the dispute; (5) which forum may most efficiently
resolve the dispute; (6) the importance of the chosen forum to

the plaintiff's interest in convenient and effective relief;
and (7) the existence of an alternative forum.  Gray & Co. v.
Firstenberg, 913 F.2d 758, 761 (9th Cir. 1990).  If a
plaintiff establishes purposeful availment in a given forum,
the exercise of jurisdiction in that forum is presumptively
reasonable, and a defendant must present a compelling case to
demonstrate that jurisdiction is, in fact, unreasonable.  Roth
v. Garcia Marquez, 942 F.2d 617, 625 (9th Cir. 1991).


B. Analysis

1. General Jurisdiction

     Plaintiff does not assert, and the record would not
support the conclusion, that defendants' contacts with
Oregon are sufficient to support the assertion of general
jurisdiction.


2. Specific Jurisdiction

     As noted above, specific jurisdiction may exist if a
defendant does some act by which it purposefully avails itself
of the privilege of conducting activities in the forum, the
claim arises from those forum-related activities, and the
exercise of jurisdiction is reasonable.  The first of these
requirements is the most critical.  Cybersell, Inc. v.
Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997).

a. Defendant Elite Freight Solutions, LLC

As noted above, plaintiff alleges "on information and belief" that defendant Elite "is a mere continuation and successor of defendant AAT."  He asserts, on that basis only, that defendant Elite is liable for defendant AAT's debt to him.  Defendant Elite denies that it is a successor to defendant AAT.  Plaintiff has cited no declarations, documents, or other evidence refuting this denial and supporting the conclusion that defendant Elite may be liable for defendant AAT's debts as a successor corporation.

Because the court is deciding the pending motion to dismiss without conducting an evidentiary hearing, plaintiff is required to make a *prima facie* showing of jurisdictional facts in order to withstand the motion.  Ballard, 65 F.3d at 1498.  In the face of defendants' denial that defendant Elite is a successor to defendant AAT, plaintiff's mere assertion on information and belief that Elite is a successor corporation, unsupported by any evidence, is insufficient to make that showing.  The motion to dismiss is therefor granted as to defendant Elite.

b. Defendants Abst and AAT

As is also noted above, Or. R. Civ. P. 4E(3) states that Oregon courts may assert jurisdiction over a defendant that has made a promise anywhere to the plaintiff to deliver "things of value" in this state.  Agreements to pay money in

this state and guarantees under which a party may be liable to make payments in this state qualify as promises to deliver "things of value" within the meaning of this Rule.  See Boehm & Co. v. Environmental Concepts, Inc., 125 Or. App. 249, 253, 865 P.2d 413, 416 (1993) (payment and guaranty that were to be performed in Oregon constituted promise to deliver within meaning of Rule 4E(3)).  The remaining questions are therefore whether, in respectively agreeing to make loan payments in this state and in guaranteeing loan payments in this state, defendants AAT and Abst purposefully availed themselves of the privilege of conducting activities within this state, and whether the exercise of jurisdiction under these facts is reasonable.

Analysis of the pending motion to dismiss begins with a brief review of several Oregon decisions addressing when an original agreement to make payments in this state or a guarantee of such an agreement will support long-arm jurisdiction in this state.  In State ex. rel. Jones v. Crookham, 296 Or. 735, 740, 681 P.2d 103 (1984), the Oregon Supreme Court concluded that an out-of-state defendant who had "signed a contract with a corporation doing business in Oregon and sent some monthly payments to that corporation at its place of business in Oregon" had not "purposefully availed himself of the privilege of doing business in Oregon."  The Court stated that the defendant's "actions in mailing monthly payments . . . to Oregon are insufficient to base an assertion

of jurisdiction." <u>Id.</u> at 741.  The Court found that plaintiff "failed to prove that [the defendant] sought or initiated" contact with Oregon, and held that "the act of making monthly payments to an Oregon plaintiff is insufficient to require a non-resident to litigate a contract action in Oregon." <u>Id.</u> at 741-42.  In reaching this conclusion, the Court noted that nothing in the record indicated that the defendant had consciously chosen to deal with an Oregon business. <u>Id.</u> at 740.

In <u>Neptune Microfloc, Inc. v. First Florida Utilities, Inc.</u>, 261 Or. 494, 495 P.2d 263 (1972), an Oregon plaintiff initiated a contract to sell goods, through its representative, to a Florida defendant.  The Court noted that there was no evidence that the defendant had done business with Oregon companies or individuals before, that the order form was accepted in Florida and later signed by plaintiff in Oregon, and that the defendant also signed a purchase order which it mailed to Oregon. <u>Id.</u> at 496-98.  Presumably, payment for the goods was to be made in Oregon.  The Court concluded that the defendant's conduct did not "rise to the 'transaction of business' in Oregon and that it would not be 'fair' to force defendant to litigate the issue in Oregon." <u>Jones</u>, 296 Or. at 741.

In <u>State ex rel. Sweere v. Crookham</u>, 289 Or. 3, 609 P.2d 361 (1980), the Oregon Supreme Court held that, without more, the execution of a guaranty to an Oregon corporation was not

sufficient to establish personal jurisdiction in this state.
The Court concluded instead that constitutional requirements
are satisfied only if there is evidence that the guaranty
played an "integral part in causing or promoting significant
economic consequences in Oregon." Id. at 10.  The Sweere
court cited State ex rel. Ware v. Hieber, 267 Or. 124, 133,
515 P.2d 721 (1973) as an example of economic consequences
that were sufficient to satisfy constitutional jurisdictional
requirements.  In Ware, the Court found that jurisdiction over
an out-of-state defendant was proper because the defendant's
execution of a personal guaranty caused an Oregon company to
continue a franchise agreement that otherwise might have been
terminated, and accordingly played an "integral part in
causing or promoting significant economic consequences in
Oregon . . . ." Sweere, 289 Or. at 9-10.

In Boehm, 125 Or. App. 249, 865 P.2d 413 (1993), the
plaintiff brought an action against one out-of-state
corporation based upon a promissory note, and against a second
out-of-state corporation that had guaranteed the note.  The
Oregon Court of Appeals concluded that an Oregon court could
properly assert jurisdiction over the guarantor under Or. R.
Civ. P. 4 E(3), which allows Oregon courts to assert
jurisdiction in actions based upon promises, made anywhere, to
deliver "things of value" in Oregon.  Id. at 254.  In reaching
this conclusion, the Boehm court cited the requirements for
asserting jurisdiction over an out-of-state guarantor set out

13 - OPINION AND ORDER

in <u>Sweere</u>, and concluded that jurisdiction was appropriate in the case before it because the guarantor's promise "was an 'integral part' in causing important economic consequences in Oregon." <u>Id.</u> The court observed that the guarantor's failure to make payments pursuant to the guarantee "impaired plaintiff's ability to move capital that otherwise would have been available in Oregon," and concluded that plaintiff's reliance on the guarantee "caused substantial economic consequences in this state. . . ." <u>Id.</u>

During oral argument concerning the pending motions, the parties appeared to agree that Oregon courts will more readily find jurisdiction based upon a guarantee to make payments owing in this state than upon an original agreement to make payments here. I disagree. In analyzing jurisdictional issues, there is logically no basis for finding a promise to pay made by a guarantor more significant than the original promise to pay sums owing pursuant to a promissory note. The <u>Ware</u>, <u>Sweere</u>, and <u>Boehm</u> courts addressed only whether jurisdiction was proper as to a guarantor because the question of jurisdiction over the party that had made the original underlying agreement to make payments in Oregon was not presented. In none of those decisions did the Court state or imply that a promise to be secondarily liable for an agreement requiring payments in this state would subject a guarantor to jurisdiction more readily than would the first party's agreement to make such payments.

Rather than implying some jurisdictional distinction between an original agreement and a guarantee, these decisions clarify that an Oregon court may assert jurisdiction based only upon a promise to make payments in this state which affects a plaintiff's decision to create or continue an economic relationship that has "important economic consequences" in this state. These decisions, like the decisions not involving guarantors noted above, support the conclusion that jurisdiction is proper only if a defendant's promise to make payments in this state (whether as a guarantor or not) influenced the decision to carry out a transaction, and if the transaction is significant enough to have some importance to the state. These cases imply that routine, small business or consumer transactions which require payment in this state will not support the assertion of jurisdiction by courts in this state over non-consenting nonresidents, but that more significant transactions will.

Based upon my review of these cases, I am satisfied that Oregon state courts would conclude that jurisdiction over defendants AAT and Abst in Oregon is proper. Defendant AAT borrowed several hundred thousand dollars from an Oregon lender, based upon a promise to repay this money, with interest, in Oregon. These loans appear to be large enough to have the "important economic consequences" in Oregon required under the cited cases. Given that the loans at issue here were not made until defendant Abst added his personal

guarantee that he would repay, in Oregon, any amounts owing by
defendant AAT, it appears that plaintiff can establish that
Abst's guarantee played an "integral part" in a business
decision that had significant economic consequences in Oregon.

The conclusion that Oregon state courts would find
jurisdiction proper as to defendants AAT and Abst is
significant, of course, only to the extent that asserting
jurisdiction over these defendants comports with the due
process requirements imposed by the United States
Constitution.  Based upon a review of decisions from Oregon,
other decisions cited above, and decisions from other
jurisdictions noted below, I conclude that jurisdiction over
defendants AAT and Abst is proper here.  The United States
Supreme Court has observed that, in assuming contractual
obligations, "parties who reach out beyond one state and
create continuing relationships and obligations with citizens
of another state are subject to regulation and sanctions in
that other state for the consequences of their activities."
Burger King, 471 U.S. at 473.  Defendants AAT and Abst reached
beyond Wisconsin, the state in which they were domiciled, and
created an ongoing relationship, which carried ongoing
obligations, with plaintiff DuBois.  In respectively borrowing
money from an Oregon resident and agreeing or guaranteeing to
repay the money in Oregon, defendants AAT and Abst
purposefully availed themselves of the privilege of doing
business in Oregon.  Plaintiff's claims arise from these

16 - OPINION AND ORDER

defendants' failure to repay the loans, an omission which may be reasonably characterized as a "forum-related" activity.

Where, as here, a plaintiff has established that the defendants purposefully availed themselves of the privilege of doing business in this state, the defendants must present a compelling argument to demonstrate that the exercise of jurisdiction in Oregon is unreasonable. Roth, 942 F.2d at 617. Defendants have not met that burden. As noted above, defendants AAT and Abst purposefully availed themselves of the privilege of doing business in this state. Though defending in this forum imposes a greater burden on these defendants than would defending in their home forum, the burden is not unduly onerous, and is no greater than would be plaintiff's burden if he were required to pursue a remedy in Wisconsin. Litigating the dispute here appears to implicate no issues of Wisconsin's sovereignty, and Oregon has an interest in one of its resident's recovery of substantial sums loaned out of state. For plaintiff, this is obviously a convenient forum in which to seek effective relief, and though it appears that this dispute could also be litigated in Wisconsin, there is no basis for concluding that the matter could be more efficiently resolved in that forum.

The parties have cited, and I have found, no reported decisions from the Ninth Circuit addressing facts similar to those presented in this action. However, federal courts in other districts that have considered the application of

17 - OPINION AND ORDER

jurisdictional provisions like that set out in Or. R. Civ. P. 4E(3) have concluded that jurisdiction is proper under factual scenarios similar to that presented here.  See, e.g., Craco LLC v. Flora, 2004 WL 727025 (M.D.N.C. 2004) (North Carolina long-arm statute provided jurisdiction over party that promised to deliver "things of value" in state: Court's assertion of jurisdiction over New York defendant who failed to make payments due on promissory note in North Carolina proper under that statute and United States Constitution); Sara Lee Corp. v. Gregg, 2002 WL 32340892 (M.D.N.C. 2002) (in signing guarantee, defendant "directed his actions toward" forum state; jurisdiction proper under statute providing jurisdiction over party promising to deliver "things of value" in forum, and under United States Constitution); Snyder v. Madera Broadcasting, Inc., 872 F. Supp. 1191, 1195 (E.D.N.Y. 1995) (place of payment a "significant contact" in determining whether the court has jurisdiction).


II. Motion to Dismiss for Improper Venue

        Defendants' motion to dismiss for improper venue is based upon 28 U.S.C. § 1391(a).  This section provides that

                A civil action wherein jurisdiction is founded only
                on diversity of citizenship may . . . be brought
                only in (1) a judicial district where any defendant
                resides, if all defendants reside in the same State,
                (2) a judicial district in which a substantial part
                of the events or omissions giving rise to the claim
                occurred, or a substantial part of property that is
                the subject of the action is situated, or (3) a
                judicial district in which any defendant is subject
                to personal jurisdiction at the time the action is

commenced, if there is no district in which the action may otherwise be brought.

Part (1) is not satisfied, because no defendants reside in this district.  Part (3) is not satisfied, because the District of Oregon is not the only district in which this action could be brought.

Defendants contend that part (2) is not satisfied, because "all of the acts and omissions alleged by plaintiff occurred in Wisconsin or Illinois."  Def. motion to dismiss at 9.  Defendants assert that no relevant acts or omissions occurred in Oregon because the promissory notes were executed in Wisconsin, and "[t]he alleged breaches also occurred in Wisconsin."  Id.

I disagree.  As discussed above, payments pursuant to the promissory note and the guarantee were owing at plaintiff's address in Oregon.  Defendants' omission of those payments constitutes a substantial part of the events giving rise to this action.  Venue is therefore appropriate in this district.


## CONCLUSION

Defendants' motion to dismiss (#7) is GRANTED as to defendant Elite, and is DENIED as to defendants AAT and Abts.

DATED this 24th day July, 2006.


/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

19 - OPINION AND ORDER